UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA NEELEY,

    Plaintiff,

v.                                             Case No: 8:12-cv-542-T-33AEP

WELLS FARGO FINANCIAL, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This cause comes before the Court on the Defendant's Motion to Dismiss Counts VII and VIII of the Plaintiff's Complaint (Dkt. No. 7) and the Plaintiff's response in opposition thereto (Dkt. No. 12).  After consideration, it is recommended that the Defendant's Motion to Dismiss Counts VII and VIII of the Plaintiff's Complaint (Dkt. No. 7) be granted in part and denied in part, as described herein.[1]

    **I.**     **Background**

      The Plaintiff initially filed her Complaint in state court alleging that the Defendant violated several provisions of the Florida Consumer Collections Practices Act and the Telephone Consumer Protection Act in its attempts to collect on a consumer debt (Dkt. No. 2).  The Plaintiff additionally asserted state law claims for intentional infliction of emotional distress and intrusion upon seclusion arising out of the Defendant's alleged repeated attempts to collect the debt and alleged refusal to cease communication with the Plaintiff (*id*.).  According to the Plaintiff, the Defendant has engaged in extreme and outrageous conduct and harassment in attempting to

---

[1] The district judge referred the motion for issuance of a report and recommendation (Dkt. No. 17).  *See* 28 U.S.C. § 636 and M.D. Fla. R. 6.01.

collect its debt, resulting in bodily harm to the Plaintiff. The Defendant timely removed the suit to federal court and filed its Motion to Dismiss only as to the state law tort claims (Counts VII and VIII) (Dkt. No. 7).

## II. Standard of Review

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the complaint in the light most favorable to the plaintiff and accept as true all of the factual allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" however. *Twombly*, 550 U.S. at 570. Indeed, although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff must provide the grounds for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there remains only a mere possibility that the defendant acted unlawfully. *Id.* at 678-79.

## III. Discussion

By the instant motion, the Defendant seeks to dismiss the Plaintiff's claims for intentional infliction of emotional distress (Count VII) and intrusion upon seclusion (Count VIII). The Defendant argues that the Plaintiff failed to allege any "outrageous" facts that would support

2

either claim or to allege any facts that would show that it acted in a manner that would highly offend an ordinary, reasonable person.

### A.      Intentional Infliction of Emotional Distress

To assert a valid claim for intentional infliction of emotional distress in Florida, a party must establish each of the following four elements: (1) intentional or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the emotional distress was severe. *Liberty Mut. Ins. Co. v. Steadman*, 968 So.2d 592, 594 (Fla. 2d DCA 2007) (citation omitted); *see generally Metro. Life Ins. Co. v. McCarson*, 467 So.2d 277, 278 (Fla. 1985) (recognizing the tort of intentional infliction of emotional distress in Florida). To establish outrageous conduct, "[i]t is not enough that the intent is tortious or criminal; it is not enough that the defendant intended to inflict emotional distress; and it is not enough if the conduct was characterized by malice or aggravation which would entitle the plaintiff to punitive damages for another tort." *State Farm Mut. Auto. Ins. Co. v. Novotny*, 657 So.2d 1210, 1213 (Fla. 5th DCA 1995) (citations omitted). In fact, the standard for outrage goes beyond mere insults, indignities, threats, or false accusations; something more egregious is required. *Williams v. Worldwide Flight SVCS. Inc.*, 877 So. 2d 869, 870 (Fla. 3d DCA 2004). Liability for intentional infliction of emotional distress will thus lie *only* "where the defendant's conduct is so outrageous in character and so extreme in degree as to go beyond the bounds of decency and to be deemed utterly intolerable in a civilized community." *Novotny*, 657 So.2d at 1212. Whether conduct is outrageous enough to satisfy the outrageousness element of a claim of intentional infliction of emotional distress is a question of law for the court to decide, not a question of fact. *Steadman*, 968 So.2d at 595.

3

In her Complaint, the Plaintiff alleges that the Defendant called her on numerous occasions in an attempt to collect on a debt, and, during some calls, a representative of the Defendant acted belligerent and belittled her before asking for payment (Dkt. No. 2 at ¶ 42). According to the Plaintiff, even though she subsequently informed the Defendant that she was represented by counsel and that Defendant should direct its calls to her counsel, she continued to receive collection calls (*id.* at ¶ 108). She further alleges that the Defendant called her workplace regarding the debt, which put her employer and co-workers on notice that she had a debt subject to collections (*id.* at ¶¶ 109-11). The Plaintiff contends that the Defendant's conduct in telephoning her co-workers and boss, disregarding her assertion of a right not to be contacted due to representation by an attorney, and engaging in activities that produced stress, requiring her to receive prescription medication and forcing her to change her mobile phone number, goes beyond all bounds of decency and should be regarded as atrocious and utterly intolerable in a civilized society (*id.* at ¶ 123). As such, the Plaintiff argues that the Defendant should be subject to liability for damages for intentional infliction of emotion distress.

By the motion to dismiss, the Defendant argues that the Plaintiff failed to sufficiently allege any "outrageous" facts that would support a claim for intentional infliction of emotion distress or to allege any facts that would show that it acted in a manner that would highly offend an ordinary, reasonable person (Dkt. No. 7).[2]  In response, the Plaintiff contends that (1) the question of whether the belittling language satisfies the standard for outrageousness is a question of fact for trial and (2) the mere allegation of the use of "belittling language" is sufficient for

---

[2] The Defendant also argues that the Plaintiff failed to allege that the Defendant's conduct was intentional or reckless (Dkt. No. 7 at 4-5). In her Complaint, however, the Plaintiff alleged that the Defendant willfully continued to call her after she informed the Defendant she was represented by counsel and willfully used automatic dialing machines to place debt collection calls to her (Dkt. No. 2 at ¶¶ 108, 109). Accordingly, the Defendant's argument lacks merit.

4

purposes of notice pleading requirements (Dkt. No. 12). As to the Plaintiff's first contention, however, the question of whether the claimed misconduct is atrocious and utterly intolerable in a civilized community is a matter of law to be determined by the court, not a question of fact. *Steadman*, 968 So.2d at 595; *Hendricks v. Rambosk*, No. 2:10-cv-526-FtM-29DNF, 2011 WL 1429646, at *4 (M.D. Fla. April 14, 2011). Accordingly, the Court should make the determination as to the outrageousness of the Defendant's conduct.

In Florida, even serious and offensive conduct, such as accusing a plaintiff of committing a felony or lodging racial slurs at a plaintiff, has failed to surpass the high standard imposed for the element of outrageousness. *See, e.g.*, *Williams*, 877 So.2d at 870 (finding that conduct was not outrageous where employer repeatedly called employee racial slurs, falsely accused him of stealing, and threatened job termination for no reason); *see also Hendricks*, No. 2011 WL 1429646, at *2-4 (finding that conduct was not outrageous where defendants falsely accused plaintiffs of felony battery and armed robbery, and one plaintiff attempted suicide after he was blocked from obtaining a professional license due to the felony charge). Indeed, as stated previously, mere insults and indignities do not satisfy the outrageousness standard in Florida. *Williams*, 877 So. 2d at 870. In fact, in *Williams*, an employer called an employee extremely offensive racial slurs in front of co-workers on several occasions, yet the court found that the employer's language and conduct were not sufficiently outrageous. *Id.*

Here, the Plaintiff does not indicate what type of comments Defendant's representatives made to her on the phone; she only alleges that the comments were belittling and the representative seemed belligerent. This sort of conduct falls squarely within the realm of mere insults and indignities and, by itself, does not meet the high standard for outrageousness.[3]

---

[3] Furthermore, while a pleading does not need to state with specificity the details of a claim, a pleading must still allege enough facts such that the claim is plausible rather than

5

Additionally, while the Defendant's alleged repeated phone calls might prove to be violations of the FCCPA and the TCCPA, these actions are far from being labeled utterly intolerable in a civilized community. *McCarson*, 467 So. 2d at 278-79 ("Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"). Collection attempts from creditors are undoubtedly annoying, unpleasant, and embarrassing, but, given the facts alleged, they are not "atrocious" enough to satisfy the element of outrageousness. *See generally, Kent v. Harrison*, 467 So. 2d 1114, 1115 (Fla. 2d DCA 1985) (stating that an individual's telephone calls were offensive and impaired the appellant, his tranquility, and the peacefulness of his home, but finding that the repeated phone calls, which were intentionally designed and undertaken to distress and annoy the appellant, fell short of the intentional infliction of emotional distress outrageousness standard).

Given the foregoing, therefore, the Plaintiff has failed to state a cognizable claim for intentional infliction of emotional distress under Florida law. Accordingly, I recommend that the Defendant's Motion to Dismiss be granted as to Count VII.

### B. Intrusion Upon Seclusion

Florida law also recognizes four categories within the tort of invasion of privacy, including intrusion upon an individual's seclusion. *See Purrelli v. State Farm Fire and Cas. Co.*, 698 So.2d 618, 620 (Fla. 2d DCA 1997) (stating that the tort of invasion of privacy is recognized in Florida and includes intrusion upon seclusion); *see also Agency for Health Care Admin. v. Associated Indus. of Fla., Inc.*, 678 So.2d 1239, 1252 n.20 (Fla. 1996) (recognizing a right to

---

merely possible. *Iqbal*, 556 U.S. at 678. The Plaintiff's allegation of belligerent and belittling comments made by Defendant's representatives to her does not provide enough facts to sufficiently demonstrate outrageous conduct establishing a plausible claim for intentional infliction of emotional distress under Florida law.

bring an invasion of privacy action under Florida tort law, including for a physical or electronic intrusion into one's private quarters). As the Supreme Court of Florida has stated, the tort encompasses a physical or electronic intrusion into one's private quarters. *Allstate Ins. Co. v. Ginsberg*, 863 So. 2d 156, 162 (Fla. 2003) (*per curiam*) (citing *Agency for Healthcare Admin., supra*). In Florida, therefore, the tort of intrusion upon seclusion requires intrusions into a "place" in which a reasonable expectation of privacy exists. *Ginsberg*, 863 So.2d at 162.; *Spilfogel v. Fox Broadcasting Co.*, 433 F. App'x 724, 726 (11th Cir. 2011) (citing *Ginsberg*).[4] Accordingly, "Florida law explicitly requires an intrusion into a private place and not merely into a private activity." *Spilfogel*, 433 Fed. App'x at 727.[5]

In her Complaint, the Plaintiff alleges that the Defendant began calling her in October 2010 and continued calling through at least February 2011 (Dkt. No. 2 at ¶¶ 29, 90). According to the Plaintiff, in its repeated efforts to collect on the debt, the Defendant called the Plaintiff's

---

[4] The Restatement (Second) of Torts defines intrusion upon seclusion in the following manner:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

Restatement (Second) of Torts § 652B (1977). The Florida Supreme Court has not adopted this definition, although it has been cited in some Florida cases, so the narrower definition set forth in *Ginsberg* controls in this action. *See Oppenheim v. I.C. System, Inc.*, 695 F. Supp. 2d 1303, 1309 n.2 (M.D. Fla. 2010).

[5] The parties essentially contend that the "extreme and outrageous" standard of intentional infliction of emotional distress and the standard for a claim for intrusion upon seclusion are the same (Dkt. No. 2 at ¶ 131; Dkt. No. 7). Neither party cites to any case law supporting the conclusion that the outrageousness standard used in the determination of claims for intentional infliction of emotional distress may be used in the determination of claims for intrusion upon seclusion. To the contrary, the legal standard upon which the Plaintiff and the Defendant both rely to support their positions is reserved for the analysis of the outrageousness element required for intentional infliction of emotional distress claims.

mobile phone number and her workplace (*id.* at ¶¶ 32-41, 47-52, 128-30). During one four-day period in November 2010, for example, Plaintiff alleges that the Defendant called her on ten separate occasions, sometimes up to three times per day, seeking to collect on the consumer debt (*id.* at ¶¶ 32-41, 128-30). Based on the foregoing allegations, the Plaintiff has alleged an intrusion by the Defendant into a place where the Plaintiff has a reasonable expectation of privacy. *See generally, Brandt v. I.C. Sys., Inc.*, No. 8:09-cv-126-T-26MAP, 2010 WL 582051, at *3 (M.D. Fla. Feb. 19, 2010) (citing to *Santiesteban v. Goodyear Tire & Rubber Company*, 306 F.2d 9, 11 (5th Cir. 1962), for the proposition that it has been generally held, where a right of privacy is recognized, that oppressive treatment of a debtor by a creditor attempting to collect even a valid debt may be an invasion of privacy); *see also Panahiasl v. Gurney*, No. 04-04479 JF, 2007 WL 738642, at *3 (N.D. Cal. March 8, 2007) (stating that "[c]ourts within the Ninth Circuit have held that repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion"). Given the Plaintiff's factual allegations, therefore, a court could draw a reasonable inference that the Defendant is liable for the tort of intrusion upon seclusion. *See Iqbal*, 556 U.S. at 678. Accordingly, it is recommended that the Defendant's Motion to Dismiss be denied as to Count VIII.

### IV.  Conclusion

Accordingly, and for the foregoing reasons, it is

RECOMMENDED:

1. The Defendant's Motion to Dismiss (Dkt. No. 7) be GRANTED IN PART AND DENIED IN PART as follows:

>a. As to Count VII, the Defendant's Motion to Dismiss be GRANTED; and
>
>b. As to Count VIII, the Defendant's Motion to Dismiss be DENIED.

IT IS SO REPORTED in Tampa, Florida, on this 5th day of October, 2012.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Hon. Virginia M. Hernandez Covington

Counsel of Record

9